By the Court.—O’Gorman, J.
At the close of all the testimony, the learned trial judge expressed his opinion that as the case then stood on the evidence, the plaintiff had not shown himself by a preponderance of evidence to have been free from negligence on his part; nor had he shown, by a preponderance of evidence, the negligence of the defendants.
After a careful examination of all the testimony, I have arrived at the same conclusion.
The plaintiff claims that on the night of October 6th, 1882, at about eleven o’clock, while crossing Broadway, a little above 23d street, where Broadway and Fifth avenue intersect, and nearly opposite to the entrance to the Fifth Avenue Hotel, he was knocked down by one of the horses of the defendants’ car, and injured..
He was, at the time, one of an organized body of about twenty persons, composing a procession marching in quasi military array, called the G. A. Post, and who had marched up Fifth avenue and crossed 23d street, going north. The men carried torches and were preceded by a drummer.
The plaintiff, although in ■ court at the trial, was not examined as a witness, and "there is no evidence showing exactly how the accident occurred, but witnesses on *108 his behalf, testified that the defendant’s horses drawing one of their cars coming up from Broadway at the rate of ten miles an hour, broke into the. procession and that the plaintiff was knocked down.
The defendants’ car, however, was visible, and was seen by the witnesses when it was crossing, or had just crossed 23d street, about 75 feet from the place where the accident occurred. If plaintiff had stopped and stood still for a second, when the car was; at this distance, he would not have been hurt. There was plenty of time to stop. Plaintiff had as good a chance to see the car coming as the witnesses had:
The place all around was well lighted by various lamps at the time.
It does not appear that the persons composing this organization and procession had any special right to use, or occupy the public streets, or any other or greater right than belonged to any other citizens, or that they had taken any of the steps provided for by statute (Laws 1872, ch. 590), to procure any special license or privilege as to a special use of the streets on the night when this accident took place.
The plaintiff must, therefore, be held to all the ordinary responsibilities and obligations of any ordinary traveler on1 a public street, and was bound to exercise ordinary care and vigilance, in avoiding danger, even although such danger arose from the negligence or recklessness of others ; and as it clearly appeared that he, having time and opportunity to get out of the way of the defendants’ horses and avoid a collision with them, failed to exercise such care and vigilance, he could not recover in this action, and the learned trial judge was right in directing a verdict for the defendant (Barker v. Savage, 45 N. Y. 191; Belton v. Baxter, 54 Id. 245; Hart v. Hudson R. B. Co., 84 Id. 56). So far I have referred to the case as presented by theplaintiff, on the testimony of the witnesses produced on his behalf.
The testimony on the part of the defense, shows that defendants’ car was stopped, as was their invariable cus *109 tom, on Broadway, a little below 23d street. That it, on resuming its course, proceeded at a slow pace; that the horses were stopped by members of the- procession ; that the defendants’ horses became excited by the noise ; that the plaintiff endeavored to catch the head of one of the horses, and in doing so, fell on his knee and elbow, and then picked himself up and walked off; and that the injury' received by him was quite slight.
It is also in evidence that the procession was very disorderly. The preponderance of proof seems to me to be clearly that defendants’ car was not driven at any unusual or dangerous rate of speed, and that no negligence causing the accident is attributable to them (Crocker v. Knickerbocker Ice Co., 92 N. Y. 652).
The defendants, as common carriers of passengers, and independent of any statutory provision in their favor, had an equal right to use the public street with the plaintiff, and no persons using the streets, either singly or alone, or in conjunction with others, have the right so to monopolize the highway as to unnecessarily obstruct or impede the passage of defendants cars to the delay and inconvenience of the passengers therein.
The statute, however, above cited (Laws 1872, ch. 590), specially provides for protection of street railroads in the passage of their cars without interference from processions or parades ; and also provides for the measures which may be taken by processions or parades for protection and escort from the police, while using the public streets in their march.
The judgment appealed from should be affirmed, with costs, and the motion for a new trial denied, with $10 costs.
Sedgwick, Ch, J., and Truax, J., concurred.